United States District Court
Southern District of Texas
**ENTERED**
June 17, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGORY GREEN, LAVALIUS GORDON, GABRIEL LUKE, LONNIE HOLMAN, RAMON CAMPBELL, and TREVOR HINES § § § § § § Plaintiffs, § § v. § CIVIL ACTION NO. H-17-2179 § CITY OF HOUSTON, § § Defendant. § | |

**MEMORANDUM AND ORDER**

The plaintiffs, Lavalius Gordon, Gregory Green, Lonnie Holman, and Gabriel Luke, sued the City of Houston, alleging that the promotional examinations for Senior Captain used by the Houston Fire Department are discriminatory.  (Docket Entry Nos. 1, 21, 56, 67).  In February 2019, the court granted the plaintiffs leave to file a third amended complaint and required that they move for leave to file a fourth amended complaint by April 22, 2019.  (Docket Entry No. 73).  The plaintiffs failed to do so, moving for leave to file a fourth amended complaint on May 1, 2019.  (Docket Entry No. 89).  The City responded, arguing that the court should not grant leave because the plaintiffs missed the filing deadline, did not comply with local rules, and did not substantially alter their claims.  (Docket Entry No. 91).

Based on the motion, response, and the applicable law and local rules, the court denies leave for the plaintiffs to file a fourth amended complaint and strikes the fourth amended complaint.  (Docket Entry Nos. 89, 90).

**I.     Background**

In August 2017, the plaintiffs sued the City, alleging that the promotional examinations for Senior Captain used by the Houston Fire Department adversely impact African Americans. (Docket Entry No. 1).  They alleged that the use of the examinations constituted employment discrimination and violated the Equal Protection Clause.  (*Id.* at ¶¶ 65, 67, 69, 71).  They sought a declaration that the Senior Captain promotional examination in 2013 and 2015 had an adverse impact on African-American candidates and an injunction requiring promotion of the plaintiffs, back pay, compensatory damages, and attorney's fees.  (*Id.* at ¶ 123).

The City moved to dismiss the original complaint.  (Docket Entry No. 10).  At the January 2018 motion hearing, the court required the plaintiffs to file an amended complaint and dismissed the motion as moot.  (Docket Entry No. 19).  The plaintiffs filed their first amended complaint on January 19, 2018, and the City again moved to dismiss.  (Docket Entry Nos. 21, 25).  The court ordered the City to rebrief the motion at the March 2018 hearing, which it did, filing an amended motion to dismiss later that month.  (Docket Entry Nos. 33, 37).  The court dismissed the § 1981 and § 1983 claims related to the 2013 exams with prejudice and dismissed the remaining § 1983 claims, without prejudice.  (Docket Entry No. 49).  The court required the plaintiffs to amend no later than April 27, 2018.  (*Id.*).

The plaintiffs missed the April 27 deadline.  In June 2018, the City advised the court that it was proceeding with the 2018 Senior Captain promotional examinations.  (Docket Entry No. 53).  In November 2018, the court scheduled a status conference.  (Docket Entry Nos. 54–55). Almost three weeks later, the plaintiffs filed a second amended complaint, which was virtually identical to the prior complaints apart from its addition of allegations related to the 2018 examination.  (*See* Docket Entry No. 56).

At the December 2018 status conference, the court noted that the second amended complaint did not appear to have been amended in accordance with the court's March 2018 order dismissing the § 1983 claims based on the 2013 exams. (Docket Entry No. 61). The court entered a new scheduling order, which required the plaintiffs to move for leave to file an amended complaint. (Docket Entry No. 62 at 1). On January 25, 2019, the plaintiffs moved for leave to file a third amended complaint and to file a fourth amended complaint the next month. (Docket Entry Nos. 67, 68). The court granted the motion for leave to file a third amended complaint but denied the motion to file a fourth amended complaint, without prejudice. The court required the plaintiffs to move for leave to file an amended complaint by April 22, 2019. (Docket Entry No. 73). The plaintiffs moved for leave to file their fourth amended complaint on May 1, 2019, without asking for leave to extend the April 22 deadline. (Docket Entry No. 90).

## II.     The Legal Standards

### A.     The Rule 15(a) Standard

Rule 15(a) provides that a party may amend his or her pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party may amend only by "leave of court or by written consent of the adverse party." *Id.* Although leave to amend pleadings "shall be freely given when justice requires," *id.*, leave to amend "is not automatic." *Matagorda Ventures Inc. v. Travelers Lloyds Inc. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "whether there has been 'undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of

3

amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

B.  The Rule 16(b)(4) Standard

Federal Rule of Civil Procedure 16(b)(4) states that a court-ordered deadline may be modified only for good cause and with the court's consent. FED. R. CIV. P. 16(b)(4). Courts consider four factors in deciding whether there is good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).

III. Analysis

The City correctly argues that the motion for leave to file a fourth amended complaint is untimely. The court ordered the plaintiffs to move for leave to amend by April 22, 2019. (Docket Entry No. 73). The plaintiffs filed this motion ten days after that deadline, failing to request additional time to do so. The City also argues that the motion should be denied because the plaintiffs did not comply with Local Rule 7.1(d), which requires parties to confer about the disposition of a motion before filing. (Docket Entry No. 91 at 5). According to the City, the fourth amended complaint retains the deficiencies of prior versions and fails to add factual allegations that could state a plausible claim under § 1983. (*Id.* at 6). The City argues that granting the plaintiffs leave to file a fourth amended complaint after additional discovery would allow the plaintiffs "use discovery to discover facts that should have been pled in the complaint." (*Id.* at 7 (citing *Wolcott v. Sebelius*, 635 F.3d 757, 772 (5th Cir. 2011))).

The plaintiffs argue that there is good cause for their failure to comply with the court's deadline because they have been attempting "since August 2013 to obtain specific information regarding promotional testing including the identity of the person(s) who participated in the promotional examinations," and assessors' names, test criteria, and other test information. (Docket Entry No. 89 at 1). However, they did not ask the court to modify the deadline to file their amended complaint and offer no explanation as to why they did not ask for such modification.

The alleged discovery issues do not show good cause as the burdens of discovery alone are insufficient to explain the delay. *Cf. Iqbal*, 556 U.S. 662, 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). While responses received in discovery are undoubtedly extensive, the court stated in December 2018 that plaintiffs should be able to amend without further delay.

The record does not support that the fourth amendment complaint is important or that the plaintiffs will be prejudiced if the court denies their motion to amend. The fourth amended complaint does not substantially alter the third amended complaint or cure its deficiencies. In April 2018, the court dismissed, with prejudice, the plaintiffs' § 1981 and § 1983 claims based on the 2013 examination. (Docket Entry No. 49). At the December 2018 status conference, the court, in discussing the plaintiffs' second amended complaint and a new scheduling order for the parties, reiterated that those claims about the 2013 examination were dismissed, with prejudice, and allegations related to that examination were permitted only to the extent that they provided evidence for the relief the plaintiffs sought in relation to the 2018 examination. (Docket Entry No. 61). The proposed fourth amended complaint attempts to raise a claim under § 1981 but includes no new allegations that would state a colorable claim under that law. That claim remains

dismissed, with prejudice. The differences between the third and fourth amended complaints are primarily the addition of factual allegations about the 1991 consent decree in *Association of Black Firefighters v. Houston*, No. H-86-3553. The plaintiffs have not alleged facts supporting a new § 1983 claim or about specific policies, candidate demographics, policymakers, or the testing conditions that would be relevant to their claims.

The plaintiffs have not shown good cause for amending their complaint and for failing to comply with the court's deadline to amend.

**IV.     Conclusion**

The court denies the plaintiffs' motion for leave to file a fourth amended complaint, (Docket Entry No. 89), and strikes the fourth amended complaint, (Docket Entry No. 90). The plaintiffs must remove claims based on § 1981, because those claims have been dismissed with prejudice, and seek leave to amend by **June 21, 2019.** No further time to amend will be granted.

SIGNED on June 17, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge