United States District Court
Southern District of Texas
**ENTERED**
August 08, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY GREEN, LAVALIUS GORDON, GABRIEL LUKE, LONNIE HOLMAN, RAMON CAMBPELL, and TREVOR HINES | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-2179 |
| CITY OF HOUSTON, | § § § | |
| Defendant. | § | |

**ORDER**

The defendant, the City of Houston, moves for entry of an amended protective order. (Docket Entry No. 99). The City asks the court to limit the disclosure of certain documents obtained by the parties through discovery, ordering that those documents be marked either Confidential or Confidential–Attorney Eyes Only and those markings prescribe who may view and use those documents for the purposes of this lawsuit. Confidential information includes financial information; private identifying information, such as social security numbers and addresses; individuals' personnel or employment records; trade secrets and proprietary business information; information that federal and state law prohibit disclosing; and "secure test questions, testing methodology, and information relating to the content and scoring of selection procedures." (Docket Entry No. 99-3 at 2). Confidential–Attorney Eyes Only information includes documents and information that fall within the Confidential category and that the disclosing party believes are or contain: (1) "trade secrets and proprietary business information, the disclosure of which to a competitor could result in significant competitive or commercial disadvantage to the

1

[information's] owner" or (2) "secure [testing] selection materials, the public disclosure of which could create a serious threat to its reliability, validity, and subsequent use." (*Id.* at 2–3).

The City also seeks an order requiring that a party filing any document with protected information redact all protected information for the public docket and file an unredacted version under a non-public docket. The City asks that the documents produced to any party in the litigation be returned within 60 days after the litigation ends. Lastly, the City asks the court to enter an order under Rule 502 of the Federal Rules of Evidence that production in this case does not waive attorney client privilege or work product protection. (*Id.* at 10).

The plaintiffs object to the breadth and stricture of the proposed protective order, but do not disagree with the need for a protective order generally. (Docket Entry No. 101 at 4). The plaintiffs argue that the proposed order "does not address how and in what condition the protected documents will be produced." (*Id.*). The plaintiffs also object to particular language in the proposed order, including the requirements for disclosing information to experts, that summaries and compilations of protected information are protected information, and the disclosure of later-protected information. (*Id.* at 4–8).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1). The court has "broad discretion" in crafting a protective order, as in all discovery matters. *See, e.g.*, *Beattie v. Madison Cty Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (citation omitted).

In April 2019, the court substantially granted the City's original motion for a protective order. (Docket Entry Nos. 78-2, 87). That order included similar provisions to the proposed amended protective order, except that it did not cover documents related to the City's testing consultant. The court concludes that the amended protective order protects the confidentiality;

adequately outlines the procedures the parties should follow in identifying, disclosing, and challenging the status of protected documents, and addresses trade-secret concerns.  The court also concludes that the plaintiffs have not shown why it needs unredacted protected information, and that any redacted documents must still be legible.  With that modification, court grants the City's motion for an amended protective order.  (Docket Entry Nos. 99, 99-3).

SIGNED on August 8, 2019, at Houston, Texas.

                                                Lee H. Rosenthal
                                    Chief United States District Judge