Case 4:17-cv-02179   Document 137   Filed on 11/05/20 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 05, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY GREEN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2179 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Promotions within the City of Houston Fire Department have been a fruitful source of litigation. The tests the City requires for promotion to captain and senior captain have been challenged as discriminatory and as having a disparate impact on African-American firefighters seeking promotion. In *Bazile v. City of Houston*, 858 F. Supp. 2d 718 (S.D. Tex. 2012), after extensive litigation, the City and a group of plaintiffs entered into a consent decree setting out the requirements for promotional testing in the Fire Department. The City and the firefighters' union also addressed promotional tests in the 2012 collective bargaining agreement. In 2017, another group of African-American firefighters, two of whom were plaintiffs in *Bazile*, filed a new lawsuit that challenged the City's compliance with both the *Bazile* consent decree and the 2012 collective bargaining agreement, and raised a variety of additional challenges.

As the case proceeded, the plaintiffs' claims shifted and the basis for them changed. The plaintiffs amended their complaint five times. After discovery, the City moved for summary judgment. The court received extensive briefing and heard argument. After the argument, the court gave the plaintiffs an opportunity to supplement their summary judgment response and gave the defendants an opportunity to reply. The court concluded that, despite ample

opportunity, the plaintiffs failed to show a factual dispute for their claims of disparate impact and racial discrimination. The plaintiffs' case suffered from a lack of clarity and consistency on what claims they were asserting, the factual and legal bases for those claims, and what remedies they were seeking or entitled to receive. After considering extensive motions, briefs, and argument, the court granted the City's motion for summary judgment and entered final judgment.

The plaintiffs have not shown that manifest error exists to provide a basis to proceed on the disparate impact or disparate treatment claims they assert. The plaintiffs' Rule 59(e) motion to alter or amend the judgment based on a manifest error of law and fact, (Docket Entry No. 135), is denied.

SIGNED on November 5, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge